UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

07 FEB -9 PM 3: 13

| | | |
|---|---|---|
| HOBERT FREEL TACKETT AND WOODROW K. PYLES, on behalf of themselves and all other persons similarly situated; and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO-CLC, | : : : : : : | Case No. **1:07 CV 107**  **J. BARRETT** Judge |
| Plaintiffs, | : | |
| V. | : | |
| M&G POLYMERS USA, LLC AND THE M&G POLYMERS USA, LLC COMPREHENSIVE MEDICAL BENEFITS PROGRAM FOR EMPLOYEES AND THEIR DEPENDENTS, | : : : | |
| Defendants. | : | |

---

## CLASS ACTION COMPLAINT WITH JURY DEMAND

---

Plaintiffs Hobert Freel Tackett and Woodrow W. Pyles ("Class Representatives"), on behalf of themselves and all other similarly situated persons in the proposed class described in this complaint, and plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("USW"), bring this action against defendants M&G Polymers USA, LLC ("M&G") and the M&G Polymers USA, LLC

Comprehensive Medical Benefits Program For Employees and Their Dependents (the "Plan") and

aver as follows:

## INTRODUCTION

1.     This case is brought as a class action by the Class Representatives on behalf of

themselves and a class of similarly situated retirees, spouses, and surviving spouses and other

dependents ("Class Members") pursuant to Rule 23 of the Federal Rules of Civil Procedure, and by

the USW. The USW (or one of its predecessor unions) was the collective bargaining representative

of employees of M&G (or predecessor companies), including the Class Representatives and Class

Members.  The Class Members are now-retired former employees of M&G and/or its predecessor

companies, including the Shell Chemical Company and The Goodyear Tire & Rubber Company,

who worked at the Point Pleasant Polyester Plant ("Plant") in Apple Grove, West Virginia, as well

as spouses and surviving spouses of these retirees, surviving spouses of long-term employees who

died during the time they were employed at the Plant, and others eligible for lifetime retiree health

care benefits under the applicable collective bargaining agreements and the Plan.  Plaintiffs bring

this action under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §

185(a), for breach of collective bargaining agreements and under Section 502(a)(1)(B) and (a)(3) of

the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) and

(a)(3), to preserve and recover health care benefits due and to clarify and enforce rights under an

employee welfare benefit plan.

2.     Over decades of service at the Plant, now-retired or deceased hourly former

employees earned, for themselves and their dependents, by their work at the Plant, rights to lifetime

2

retiree health care benefits. These rights were created through collective bargaining between M&G (and its predecessor companies) and the USW (and its predecessor unions) that represented hourly employees while they were employed at the Plant. Various collective bargaining agreements contained provisions that established M&G's obligations to provide lifetime health care benefits ("retiree health care benefits") for retirees and eligible dependents, including the retirees' spouses and the surviving spouses and surviving spouses of long-term employees who died while employed at the Plant.

3.      Plaintiffs allege in Count I that the rights to the lifetime retiree health care benefits were created by agreements between labor organizations and employers and that the Class Members and USW may enforce these rights and agreements in this Court under Section 301 of the LMRA, 29 U.S.C. § 185(a). Plaintiffs ask that the Court issue preliminary and permanent injunctions prohibiting modification and termination of the retiree health care benefits and directing reinstatement of modified and terminated retiree health care benefits, and award damages and equitable relief to remedy all modifications and terminations of the retiree health care benefits.

4.      Plaintiff Class Representatives bring Count II pursuant to Section 502(a)(1)(B) and (a)(3) of ERISA, 29 U.S.C. § 1132(a)(1)(B) and (a)(3). The Class Representatives ask that the Court declare that their rights to retiree health care benefits under the Plan cannot lawfully be unilaterally modified or terminated by defendants and seek preliminary and permanent injunctions prohibiting modification or termination of retiree health care benefits; directing reinstatement of modified and terminated retiree health care benefits; and awarding a make-whole remedy and other appropriate equitable relief.

5.    Plaintiff Class Representatives bring Count III pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Class Representatives ask the Court to declare that defendants violated their fiduciary duties owed Class Members in administrating the Plan and by breaching defendants' duties to Class Members to provide vested health care benefits and to make appropriate disclosures and otherwise to act solely in the best interests of Plan participants and beneficiaries, and the Class Representatives ask that the Court award any statutory or equitable relief necessary to remedy defendants' violations and to protect and make Class Members whole.

## JURISDICTION AND VENUE

6.    All Counts raise federal questions, and this Court has jurisdiction over them under 29 U.S.C § 1331. The Court also has jurisdiction over Count I under Section 301 of the LMRA, 29 U.S.C. § 185(a), and over Counts II and III under Sections 502(e)(1) and (f) of ERISA, 29 U.S.C. Section 1132 (e)(1) and (f). Venue in this judicial district is proper under Section 301 of the LMRA, 29 U.S.C. § 185, and Sections 502(e)(2) and (f) of ERISA, 29 U.S.C. §§ 1132(e)(2) and (f).

## PARTIES

7.    Defendant M&G is a Delaware limited liability corporation, qualified to do business in Ohio and registered with the State of Ohio as a licensed foreign corporation. M&G does business within this District and maintains a research and development facility in Sharon Center, Ohio. M&G predecessor Goodyear Tire & Rubber Company is an Ohio corporation, since 1898, and maintains its headquarters in Akron, Ohio. M&G is contractually obligated to provide Class Members with the lifetime retiree health care benefits negotiated and promised by it and its predecessors.

4

8.     Defendant M&G Polymers USA, LLC Comprehensive Medical Benefits Program for Employees and Their Dependents (the "Plan") is an "employee welfare benefit plan" within the meaning of ERISA.  M&G is the Plan's sponsor.  The Plan is sued as a party needed for just adjudication under Fed.R.Civ. P. 19, as Class Members receive the negotiated and promised health care benefits through the Plan.

9.     Plaintiff and Class Representative Hobert Freel Tackett is an adult resident of Bidwell, Ohio, within this District.  Until he retired in 1995, Plaintiff Tackett worked for predecessors of M&G at the Plant where he was a member of a collective bargaining unit represented by the USW (or its predecessors).  Under the terms of the applicable collective bargaining agreements, plaintiff Tackett and his spouse are entitled to lifetime health care benefits, which defendants are obligated to provide.

10.     Plaintiff and Class Representative Woodrow W. Pyles is an adult resident of Gallipolis, Ohio, within this District.  Until he retired in 1996, Plaintiff Pyles worked for predecessors of M&G at the Plant where he was a member of a collective bargaining unit represented by the USW (or its predecessors).  Under the terms of the applicable collective bargaining agreements, plaintiff Pyles and his spouse are entitled to lifetime retiree health care benefits, which defendants are obligated to provide.

11.     Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("USW") is a labor union with offices in this District, including in Columbus, Ohio. The International Union of the United Rubber, Cork, Linoleum and Plastic Workers of America, AFL-CIO-CLC ("URW"), headquartered in Akron, Ohio, represented M&G employees and employees of M&G predecessors at the Plant for decades.

5

In 1995, the URW merged into the United Steelworkers of America, AFL-CIO/CLC ("USWA"). In 2005, PACE International Union, AFL-CIO, merged into USWA, which then changed its name to the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial And Service Workers International Union, AFL-CIO/CLC ("USW"). In this Complaint, the term "Union" refers to plaintiff USW and its predecessor unions, including the URW.

## FACTUAL BACKGROUND

12.     For many years while they worked for M&G and its predecessor companies, and upon their retirements, the retiree health care benefits of Class Members (including Class Representatives) were described in and promised by collective bargaining agreements and special retirement agreements. M&G and its predecessors negotiated these agreements with the Union.

13.     For example, the 2000 Pension, Insurance and Service Award Agreement provides that employees who retire after January 1, 1996 and whose age and years of continuous service at the time of retirement equals 95 or more points "will receive a full Company contribution towards the cost of benefits described in this Exhibit B-1." (Agreement, § 11, p. 86, excerpted copy attached here as "Exhibit A.") The 2000 Agreement provides that those "[e]mployees who have less than 95 points at the time retirement" will have their reduced Company contribution "reduced by 2% for every point less than 95." (*Id.*). Retirees' spouses and surviving spouses "shall be entitled to continue to receive the [same] benefits ... until death or remarriage ..." and, for surviving spouses of long-term employees who died during employment at the Plant, "coverage shall terminate when spouse remarries or dies." (*Id.*, § 12, pp. 87-88).

14.     Under the collective bargaining agreements and special retirement agreements, Class Members who retired became vested in retiree health care benefits and became entitled to receive

lifetime health care benefits, and their spouses and surviving spouses became vested and entitled to receive retiree health care benefits for life or until remarriage, as were the surviving spouses of certain employees who died while employed at the Plant.

15.     Since on or about January 1, 2007, when Class Members' rights to lifetime retiree health care benefits were already earned and vested, defendants violated these rights by shifting a large part of the costs of those benefits from defendants to Class Members, and have terminated or planned to terminate the benefits of those Class Members unable to pay or who otherwise do not pay the added costs imposed by defendants.

## CLASS ACTION ALLEGATIONS

16.     Class Representatives bring this class action on behalf of themselves and a class defined as:

> all former employees of M&G and its predecessors who were represented by the Union in collective bargaining and who retired from the Plant having met the requirements for retiree health care benefits specified in the applicable collective bargaining agreements and special retirement agreements, as well as the spouses and surviving spouses and other dependents of those former employees who are also entitled to such benefits and the surviving spouses of long-term employees who died while employed at the Plant who also are entitled to such benefits. ("Class Members").

17.     The exact number of Class Members is not presently known, but, on information and belief, is in excess of 200. The class is so numerous that joinder of all members is impracticable.

18.     The retiree health care benefits to which Class Members are entitled are similar, and all were meant to last, undiminished, for retirees for life and for spouses and surviving spouses for life or until remarriage.

7

19.     There are common questions of law and fact that relate to and affect Class Members. These include without limitation:   (1) whether defendants violated the collective bargaining agreements and their obligations under the Plan to provide Class Members with lifetime retiree health care benefits; (b) whether, in imposing significant costs of health care benefits on Class Members, defendants breached their fiduciary duties owed to Class Members under ERISA and the Plan; and (c) whether defendants violated ERISA in their administration of the Plan, including, among other violations, imposing significant costs of health care benefits on Class Members.

20.     The relief sought is common to all Class Members.

21.     The claims of the Class Representatives are typical of the claims of the Class in that: all Class Members assert that defendants are obligated under ERISA, the Plan, and collective bargaining agreements to provide lifetime retiree health care benefits without unilateral modification or termination, as set forth in collectively-bargained agreements negotiated between the Union and M&G or its predecessors; defendants wrongfully unilaterally modified or terminated those benefits; and defendants breached ERISA and the agreements by modifying and terminating those benefits. There is no conflict between any Class Representative and other members of the Class with respect to this action.

22.      The Class Representatives are able to, and will, fairly and adequately protect the interests of the class. The attorneys for the Class Representatives are experienced and capable in the field of labor law and employee benefits law, and retiree health benefits in particular, and have successfully prosecuted class actions of a similar nature.

23.     This action is properly maintained as a class action under Fed.R.Civ.P. Rule 23(b)(2), in that defendants have acted on grounds generally applicable to the Class by unilaterally modifying

8

or terminating retiree health care benefits they are obligated to provide to Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

24.    This action may, in addition or in the alternative, be maintained pursuant to Fed.R.Civ.P. 23(b)(1) as the prosecution of individual actions by Class Members addressing the subject matter of this action would present the risk of inconsistent or varying adjudications which would potentially establish incompatible standards of conduct governing defendants or which as a practical matter be dispositive of non-party Class Members or otherwise substantially impair or impede their ability to protect their interests.

## COUNT I

### Violation of Labor Agreements Actionable
### Under Section 301 of the LMRA

25.    Paragraphs 1 through 24 are incorporated by reference.

26.    As noted, Class Members' retiree health care benefits were promised by collective bargaining agreements affecting Class Members made between Class Members' employers and their Union.  Under those collective bargaining agreements, Class Members have the rights to receive from defendants specified lifetime health care benefits.  M&G's announcement that it is shifting costs to Class Members, and defendants' actions modifying and terminating Class Members' retiree health care benefits, infringe upon those rights and violate those agreements.

27.    By the conduct described in this complaint, defendants have violated and are violating their collectively-bargained obligations to Class Members to provide lifetime retiree health care benefits, and defendants' conduct is actionable under Section 301 of the LMRA, 29 U.S.C. § 185(a).

9

## COUNT II

### Violation of Employee Welfare Benefit Plan Actionable
### Under ERISA Sections 502(a)(1)(B) and (a)(3)

28.     Paragraphs 1 through 27 are incorporated by reference.

29.     By the conduct described in this complaint, defendants violated the rights of Class

Members under the Plan. More specifically, under governing Plan documents (including the

applicable collective bargaining agreements), the rights of Class Representatives and Class Members

to lifetime retiree health care benefits are vested and not subject to reduction for life for retirees and

for life or until remarriage for spouses and surviving spouses. Accordingly, defendants' unilateral

modification and termination of Class Members' retiree health care benefits infringe upon and are

in derogation of those vested rights and are in violation of the Plan.

30.     Defendants' repudiation and violation of the Plan and defendants' obligations under

the Plan are ERISA violations actionable under ERISA Sections 502(a)(1)(B) and (a)(3), 29 U.S.C.

§§ 1132(a)(1)(B) and (a)(3), which permit a participant or beneficiary of a retiree health care benefits

plan to bring a civil action "to enforce his rights under the terms of the plan, or to clarify his rights

to future benefits under the terms of the plan" (ERISA Section 502(a)(1)(B)), and "to enjoin any act

or practice which violates ... the terms of the plan, or ... to obtain other appropriate equitable relief

... to redress such violations or ... to enforce ... the terms of the plan." ERISA Section 502(a)(3).

## COUNT III

### Breach of Fiduciary Duty Under ERISA Section 502(a)(3)

31.     Paragraphs 1 through 30 are incorporated by reference.

32.     Defendants are Plan fiduciaries and are statutorily required to discharge their duties "with respect to a plan solely in the interest of the participants and beneficiaries" for the exclusive purpose of "providing benefits to participants and their beneficiaries," "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims," and "in accordance with the documents and instruments governing the plan ..." ERISA Sections 404(a)(1)(A)(i), (B) and (D), 29 U.S.C. §§ 1104(a)(1)(A)(i), (B), and (D).

33.     Defendants breached their fiduciary duties by not administering the Plan solely in the interest of the participants and beneficiaries by not administering the Plan in a prudent manner; by administering the Plan in violation of Plan documents and collective bargaining agreements; and by wrongfully burdening Class Members, who are Plan participants and beneficiaries, with substantially higher premiums and financial obligations that will cause or have caused hardship to Class Members and will cause or have caused Class Members to drop their retiree health care benefits due to its excessive and unaffordable costs as imposed by defendants.

34.     If permitted to modify or terminate the retiree health care benefits as they have done or plan to do, defendants will be enriched unjustly because they will not be required to meet their obligations to pay the costs of Class Members' retiree health care benefits.

35.     By their conduct and fiduciary breaches, defendants have failed to discharge their duties to act for the exclusive purpose of "providing benefits to participants and their beneficiaries" and solely in the interests of participants and beneficiaries and have violated, and are violating ERISA.

11

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

A.      Certify this action as a class action, appoint plaintiffs Pyles and Tackett as Class Representatives, and appoint David M. Cook and Cook, Portune, & Logothetis as counsel for the Class;

B.      Preliminarily and permanently enjoin defendants from modifying or terminating the retiree health care benefits they are obligated to provide to the Class Representatives and to Class Members under the applicable collective bargaining agreements and employee welfare benefit plan and to reinstate those benefits already wrongfully modified or terminated;

C.      Declare that Defendants breached their fiduciary duties to the Class Representatives and Class Members and violated the Plan and ERISA;

D.      Award Class Members retiree health care benefits, pursuant to the terms of applicable collective bargaining agreements and the Plan, and such monetary damages and/or equitable relief as necessary to restore Class Members to the positions in which they would have been and should be but for defendants' contractual and statutory violations and wrongful conduct;

E.      Award plaintiffs reasonable attorneys' fees and costs incurred in this action; and

F.      Grant such other relief as may be necessary to rectify defendants' wrongful conduct and to make whole Class Members for losses and damages suffered due to defendants' conduct.

David M. Cook (Ohio Bar #0023469)
Stephen A. Simon (Ohio Bar #0068268)
Robert E. Rickey (Ohio Bar #0075197)
Cook, Portune & Logothetis
*An Association of Law Corporations*
22 W. Ninth Street
Cincinnati, OH 45202
Phone: (513) 721-0444
Fax: (513) 721-1178
E-mail: dcook@dmcllc.com
E-mail: ssimon@dmcllc.com
E-mail: brickey@dmcllc.com

Trial Attorneys for Plaintiffs and Class
Representatives Tackett and Pyles

Stuart M. Israel (Michigan Bar # P15359)
Martens, Ice, Klass, Legghio & Israel, P.C.
306 South Washington, Suite 600
Royal Oak, MI 48067
Phone: (248) 398-5900
Fax: (248) 398-2662
E-mail: israel@martensice.com

Trial Attorney for Plaintiff United Steel,
Paper and Forestry, Rubber, Manufacturing,
Energy, Allied Industrial and Service
Workers International Union, AFL-CIO-CLC

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by jury.

ATTORNEY FOR PLAINTIFFS,
TACKETT AND PYLES

ATTORNEY FOR PLAINTIFF, USW

Dated: February 9, 2007

13