UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TACKETT, *et al.*,

    PLAINTIFFS,

v.

M&G POLYMERS USA, LLC, *et al.*,

    DEFENDANTS.

Case No. 2:07-cv-00126

Judge Gregory L. Frost

Magistrate Judge Norah McCann King

**ORDER CERTIFYING
PLAINTIFF CLASS AND SUBCLASSES**

    Based on the parties' Stipulated Motion to Certify Retiree Plaintiff Class And Subclasses filed with the Court on December 22, 2009, and the allegations of the Amended Class Action Complaint filed April 20, 2007 ("Amended Complaint" [Docket # 14]), the Court hereby certifies the claims and issues raised in Counts I and II of the Amended Complaint for class treatment under Fed. R. Civ. P. 23(b)(1) **[or (b)(2)]**, as more fully set forth below.

**Discussion.**

    1.    When fashioning an order to certify a class under Rule 23, the Court first must satisfy itself that the prerequisites of Fed. R. Civ. P. 23(a) have been satisfied. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982). Pursuant to Rule 23(a), one or more members of a class may sue if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

2.	Once the prerequisites of Rule 23(a) are satisfied, the Court may certify a class action only if the action falls within one of the categories enumerated within Fed. R. Civ. P. 23(b).  *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997).  The parties seek certification here under Rule 23(b)(1) or, alternatively, 23(b)(2).  Under Rule 23(b)(1), a court may certify a class if allowing separate actions by or against individual class members would create a risk of (a) "inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class" or (b) "adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their abilities to protect their interests."  Fed. R. Civ. P. 23(b)(1).  A court may certify a class under Rule 23(b)(2) where (1) "the party opposing the class has acted or refused to act on grounds generally applicable to the class" and (2) "final injunctive relief or corresponding declaratory relief [is appropriate] with respect to the class as a whole."  FED. R. CIV. P. 23(b)(2).

3.	Rule 23(c)(4)(B) also provides that, "[w]hen appropriate, ... a class may be divided into subclasses, and each subclass treated as a class, and the provisions of this rule shall then be construed and applied accordingly."  Fed. R. Civ. P. 23(c)(4)(B).

### A.	The Class And Subclasses To Be Certified.

4.	The following class and subclasses for purposes of the Retiree Plaintiffs' claims in Counts I and II of the Amended Complaint are hereby certified under Fed. R. Civ. P. 23(a) and (b)(1) **[or (b)(2)]**:

> Class:
>
> All retired employees of M&G Polymers USA, LLC ("M&G") and/or its predecessor company, the Shell Chemical Company ("Shell"), who worked at the Point Pleasant Polyester Plant

("Plant") in Apple Grove, West Virginia and were represented by the USW or its predecessor unions ("Union") in collective bargaining, and who retired or left service from the Plant having met the eligibility requirements for retiree health care benefits specified in the applicable collective bargaining agreements ("CBAs") and P&I Agreements, as well as the spouses and surviving spouses and other dependents of those retired former employees who also claim a right to such benefits, and the surviving spouses of Union-represented Plant employees who died while employed at the Plant who also claim a right to such benefits (the "Class").

Subclass 1:  Members of the Class who retired, left service or died while employed at the Plant having met the eligibility requirements for retiree health care benefits specified in the P&I Agreement dated May 15, 1991 through May 15, 1994, as adopted by the CBA between Goodyear Tire & Rubber Company ("Goodyear") and the Union for the Plant effective November 6, 1991 through November 6, 1994, and as adopted by Shell, and their eligible surviving spouses and dependents.

Subclass 2:  Members of the Class who retired, left service or died while employed at the Plant having met the eligibility requirements for retiree health care benefits specified in the P&I Agreement dated July 20, 1994 through July 20, 1997, as adopted by the CBA between Shell and the Union for the Plant effective November 6, 1994 through November 6, 1997, and their eligible spouses and dependents.

Subclass 3:  Members of the Class who retired, left service or died while employed at the Plant having met the eligibility requirements for retiree health care benefits specified in the P&I Agreement dated May 9, 1997 through May 9, 2003, as adopted by the CBA between Shell and the Union for the Plant effective November 6, 1997 through November 6, 2000, and their eligible spouses and dependents.

Subclass 4:  Members of the Class who retired, left service or died while employed at the Plant having met the eligibility requirements for retiree health care benefits specified in the P&I Agreement dated November 6, 2000 through November 6, 2003, as adopted by the CBA between M&G and the Union for the Plant effective November 6, 2000 through November 6, 2003 and applicable until August 8, 2005, and their eligible spouses and dependents.

> Subclass 5:  Members of the Class who retired, left service or died while employed at the Plant having met the eligibility requirements for retiree health care benefits specified in the CBA between M&G and the Union for the Plant effective August 9, 2005 through November 6, 2008 or any subsequent CBA between M&G and the Union for the Plant, and their eligible spouses and dependents.

**B.     The Class And Subclasses Satisfy The Requirements Of Rule 23(a).**

5.     Based on the parties' submissions, the Court finds that the Class and Subclasses satisfy the requirements of Rule 23(a).  The Court finds that the Class and Subclasses are so numerous that joinder of the members thereof would be impracticable.  There are approximately 250 Class members.  Therefore, the Court concludes that the "numerosity" requirement of Rule 23(a)(1) is met.

6.     The Court also finds that Count I (alleging violations of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185) and Count II (alleging claims under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B)) of the Amended Complaint present questions of law or fact common to all class members with respect to the same claims and issues, thereby satisfying Rule 23(a)(2)'s commonality requirement.  These common questions of law and fact include the following:  (1) the scope of rights regarding post-retirement health insurance benefits provided under the applicable CBAs and/or P&I Agreements, including the applicability of "cap letters" which Defendants assert and Plaintiffs dispute are part of the P&I Agreements applicable to Shell and M&G; (2) whether M&G's January 1, 2007 implementation of retiree contributions ("the Disputed Contributions") in the form of monthly premiums was permitted by the applicable collectively-bargained agreements; (3) whether M&G had the right to terminate health insurance coverage for retirees (and their surviving spouses and eligible dependents) who failed to pay the Disputed Contributions; and (4) whether members of the Class and Subclasses are entitled to relief from M&G, and if so, in what form.

7. Any potential differences in common facts or law between the Class members will largely depend on the set of collectively-bargained agreements in effect when they retired. Those differences are accounted for by the Subclasses, which correspond to the effective dates of the successive agreements.

8. The claims of the Class Representatives are also typical of the Class and Subclasses, thus satisfying Rule 23(a)(3)'s typicality requirement. The Class Representatives' claims arise from the same collectively-bargained agreements and are based on the same legal theories as the claims of the Class and Subclasses. The three Class Representatives are all members of the Class and Subclasses. Plaintiffs Pyles and Tackett are members of Subclass 2, having retired from Shell in December 1995 and March 1997, respectively, and Plaintiff Conley is a member of Subclass 3, having retired from Shell in August 1998.

9. Any potential differences in typicality of claims between the Class Representatives and members of the Class will be accounted for and managed by the certification of Subclasses.

10. The Court finds that the Class Representatives are able and willing to represent the interests of the Class, that Class Counsel Cook, Portune & Logothetis is able and experienced in ERISA class litigation, and that no conflict exists for the purposes of the claims and issues covered by this Order between the Class Representatives and Class Counsel on the one hand and members of the Class and Subclasses on the other. Therefore, the Court concludes on the basis of the record before it that the "adequacy of representation" requirement of Rule 23(a)(4) is met and hereby appoints the named Retiree Plaintiffs Hobert Freel Tackett, Woodrow W. Pyles and Harlan B. Conley as Class Representatives and the law firm of Cook, Portune & Logothetis as Class Counsel.

### C. The Class And Subclasses Satisfy The Requirements Of Rule 23(b)(1) [or (b)(2)].

11. The Court finds that Counts I and II satisfy the requirements of Rule 23(b)(1) because "prosecuting separate actions by . . . individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for [Defendants]." Fed. R. Civ. P. 23(b)(1)(A).

12. Alternatively, the Court finds that Counts I and II satisfy the requirements of Rule 23(b)(2) because the Defendants' challenged actions are generally applicable to all class members. Therefore, the Court concludes that Defendants are alleged to have acted on grounds generally applicable to the class and that any declaratory, injunctive, or other appropriate equitable relief would apply to the class as a whole, and class members have a cohesive interest in such claims. The Court therefore concludes that the requirements of Fed. R. Civ. P. 23(b)(2) are met.

13. The Court also finds that, because Plaintiffs seek primarily equitable relief with respect to the class as a whole, no individual notice to class members is required. *See* Fed. R. Civ. P. 23(c)(2).

### D. The Extent To Which The Action Is To Proceed On A Class Basis Under Rule 23(c)(4).

14. Pursuant to Fed. R. Civ. P. 23(c)(4), the Court orders as follows as to the Amended Complaint:

> (i) The Class Representatives' claims under Counts I and II of the Amended Complaint are certified for class and subclass treatment pursuant to Rule 23(b)(1) **[**or, alternatively, Rule 23(b)(2)**]** with respect to all questions presented by those claims;

> (ii) The appropriate procedures for litigation and determination of any individualized questions raised by Counts I and II will be addressed by the Court, if necessary, at such time as those questions are presented for decision.

Dated:  December 23, 2009

**IT IS SO ORDERED:**

BY:  /s/  Gregory L. Frost
       GREGORY L. FROST
       UNITED STATES DISTRICT JUDGE