UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOBERT FREEL TACKETT, et al.,

      Plaintiffs,                           Case No. 2:07-cv-126
                                              JUDGE GREGORY L. FROST
     v.                                           Magistrate Judge Norah McCann King

M&G POLYMERS USA, LLC, et al.,

      Defendants.

## ORDER

      This matter is before the Court for consideration of the following filings:

      (1) Defendants' Motion to Certify Liability Ruling for Interlocutory Appeal (ECF No. 198) and Defendants' memorandum in support of that motion (ECF No. 199);

      (2) Defendants' Motion to Continue Hearing and Set Briefing Schedule (ECF No. 200);

      (3) Plaintiffs' memorandum in opposition to the motion to certify an interlocutory appeal (ECF No. 202); and

      (4) Plaintiffs' memorandum in opposition to the motion to continue hearing (ECF No. 203).

      Also before the Court is a December 29, 2011 letter from Philip Miscimarra, Defendants' counsel, that Miscimarra sent to this Court via email and facsimile transmission.

### I.  Letter

      On December 28, 2011, the Court filed an Order addressing the necessarily expedited schedule presented by the filing of Defendants' motion to certify an interlocutory appeal (ECF No. 198) and motion to continue the January 5, 2012 hearing and to set a briefing schedule (ECF No. 200).  With the in-court hearing on Plaintiffs' motion for a permanent injunction (ECF No.

196) set for January 5, 2012, the Court recognized the need for expedited consideration of Defendants' motions, stating:

> On December 23, 2011, Defendants filed a motion to certify an interlocutory appeal (ECF No. 198) and a motion to continue the January 5, 2012 hearing and to set a briefing schedule (ECF No. 200). Pursuant to S. D. Ohio Civ. R. 1.1(c), this Court departs from the default briefing schedule and **ORDERS** that Plaintiffs shall file a response on or before December 29, 2011. No reply memorandum is permitted. The motions shall come on for a non-oral hearing on December 30, 2011.

(ECF No. 201.) Despite that Order's clear directive that "[n]o reply memorandum is permitted," Miscimarra sent this Court by email and by facsimile transmission a letter on December 29, 2011.

This letter addresses what Miscimarra characterizes as "an incorrect and unfounded accusation of professional misconduct which Plaintiffs have attributed to Defendants' counsel." The letter then proceeds to present argument related to the interpretation of the Sixth Circuit's December 12, 2011 Order that dismissed the prior appeals taken in this litigation. (ECF No. 192.) Miscimarra writes that "[w]e recognize that this Court's order entered 12/27/2011 stated Defendants do not have a right to file a reply memorandum" and that "[w]e are not filing a reply memorandum." Instead, he explains, he is simply responding to an accusation of bad faith.

The bad faith accusation is intertwined with the interpretation of the Sixth Circuit's Order. Miscimarra has thus provided this Court with a reply memorandum, coming in the back door while professing that he has left the foreclosed front entrance untouched. Regardless of whether the letter represents a strategic attempt to circumvent this Court's clear Order or whether it is simply the careless result of the hurt feelings of counsel, argument is argument and the letter is a reply memorandum.

Not only does the letter violate this Court's Order, but it also violates the Local Civil

2

Rules. The rules provide that "[l]etters to the Court are generally inappropriate and disfavored, unless (1) requested by the Court in a specific matter, or (2) advising the Court of the settlement of a pending matter." S. D. Ohio Civ. R. 7.2(c). Rule 7.2(c) then explains that all communications directed to the Court that do not fall in either of this narrow categories "shall be by way of formal motion or memorandum submitted in compliance with these Rules." *Id.* This Court did not request Miscimarra's December 29, 2011 letter and the letter does not advise this Court of settlement. Instead, the letter constitutes an impermissible communication that Miscimarra asks the Court not only to consider but also to file on the docket. A motion for leave to file a reply memorandum would have been the proper mechanism for such a request.

Miscimarra has violated this Court's Order, has violated the Local Civil Rules, has consumed this Court's time, and has consumed the time of the eight counsel he copied on his letter. The Court will not sanction Miscimarra at this time, although a sanction beyond mere admonishment would no doubt be appropriate. Counsel is on notice that future impropriety will likely incur sanctions. This Court declines to file the letter as requested and rejects consideration of its contents.

## II.  Appeal

Previously, this Court issued an Opinion and Order in which it found in favor of Plaintiffs in Subclasses One through Four and against Defendants on the issue of liability on Claims I and II. The Court also found in favor of Defendants and against Plaintiffs in Subclass Five on these claims. Although the issue of damages for Subclasses One through Four remained, the Court's decision in regard to the Subclass Five Plaintiffs constituted a final resolution of the Subclass Five Plaintiffs' claims. Accordingly, the Court included Federal Rule of Civil

Procedure 54(b) language in its decision and directed the Clerk to issue a judgment accordingly. (ECF No. 177.)

The Court intended to present the option of appealing the dispositive Subclass Five decision on an interlocutory basis, rather than making these plaintiffs wait until final disposition of the remaining litigation in which they were no longer involved.  In retrospect, this Court should have been more clear in its Opinion and Order that the Rule 54(b) language targeted the Subclass Five decision.  In correcting a Clerk error in regard to the initial judgment, the Court did explain that "[e]ntry of Judgment is proper . . . because although issues of damages remain, this Court's disposition of liability issues presents a final disposition of some plaintiffs' claims. The rationale behind the liability determination that is adverse to some plaintiffs informs the liability determination in favor of other plaintiffs." (ECF No. 181, at 1.)  This Court directed that the corrected judgment include the Rule 54(b) language, and the Clerk complied.  (ECF No. 182.)

It is notable that in addressing the first, flawed judgment, Defendants asked this Court to simply revoke that judgment or, alternatively, to state that it was not final for purposes of appellate review.  (ECF No. 179, at 1.)  In other words, Defendants sough to avoid appellate review at that time and their blanket request for no judgment meant that there would be no possible review of decision in regard to any class at that juncture.  Defendants only filed their initial appeals to protect their interests in case more than just the Subclass Five decision was appealable.

On December 12, 2011, the Sixth Circuit dismissed the consolidated appeals for lack of appellate jurisdiction. (ECF No. 192.)  That Order focused on the remaining issues surrounding

4

Subclasses One through Four, which were of course not final for purposes of appeal given the need for damages proceedings. Within the scope of dismissal was the Subclass Five decision, which did present a final disposition of those select plaintiffs' claims.

The court of appeals included the following paragraph in the dismissal:

> The defendants ask that these appeals be placed in abeyance while they seek a certification from the district court under 28 U.S.C. § 1292(b). Were the district court to grant such a certification, the defendants might petition for leave to appeal, but the certification would not cure the lack of jurisdiction in these appeals.

(ECF No. 192, at 3.) Purportedly led by this language, Defendants now ask this Court to certify for appeal the Subclass One through Four liability decision under 28 U.S.C. § 1292(b). Plaintiffs oppose such certification.

Section 1292 provides that if this Court is of the opinion that its Subclass One through Four liability order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the Court may so certify that conclusion in writing. The Sixth Circuit could then permit an appeal. This Court in its discretion declines to make such a finding.

The Court is not persuaded that there is a substantial ground for difference of opinion in regards to its liability determination, especially given that the determination in large part involved the rejection of untrustworthy, unreliable, and simply unbelievable testimony. The Court would have to credit false testimony to find the substantial ground for reasonably divergent opinions that Defendants propose.

An appeal of the Subclass Five decision would have likely and necessarily informed the rationale under which this Court found for Subclasses One through Four, which led this Court to

stay damages proceedings for the remaining plaintiffs in anticipation of an appellate decision on Subclass Five (assuming Plaintiffs would bring that issue before the court of appeals). But months have passed since then. Defendants could have sought certification under § 1292(b) far earlier than they did if they genuinely sought to obtain interlocutory review of the liability decision, but they waited. They now come to this Court asking for appellate review based on the premise that there is a reasonable basis upon which to conclude that this Court erred, but as noted, the Court rejects the premise because it demands crediting false and at times nonsensical testimony. Additionally, the Court is cognizant of the time that has been wasted in affording the Subclass One through Four Plaintiffs the relief to which they are entitled. Waiting for an appeal would present tangible effects on plaintiffs who have been wronged, with many going uninsured and others contributing monies they apparently can ill afford to expend on premiums. The time has come to advance this litigation to a resolution that affords relief as promptly and efficiently as possible.

The Court **DENIES** the motion to certify an interlocutory appeal. (ECF No. 198.)

### III.  Hearing

Defendants also ask the Court to continue the January 5, 2012 permanent injunction hearing and to set briefing schedules on that motion and Defendants' motion to certify an interlocutory appeal. There is no need for an interlocutory appeal briefing schedule; the Court ordered expedited briefing as discussed above and has resolved the motion. This leaves for discussion the hearing date and any related briefing schedule.

The Court is well aware that the January 5, 2012 hearing date comes before the deadline for filing a memorandum in opposition. Crediting the importance of the proceeding to Plaintiffs

and cognizant of the limited window for having a hearing promptly given the Court's schedule, this Court recognized when it selected that date that Defendants could file a response early or not at all.  The Court also recognizes, however, that Defendants argue that the January 5, 2012 hearing date does not afford them sufficient time to prepare their case.  Plaintiffs respond to this argument in part by stating that the Court scheduled an oral argument and not a hearing on the motion for a permanent injunction.  This is incorrect.  The December 16, 2011 Notice provides for an "In-Court Hearing on Plaintiffs' Motion for Permanent Injunction."  (ECF No. 197.)  This may include the presentation of evidence or it may not; it depends on how the parties wish to present their respective cases in regard to the motion for a permanent injunction.  If Plaintiffs believe that an evidentiary hearing is unnecessary as they indicate in their briefing, then they can of course forego the presentation of any evidence and simply rely on oral argument.  Part of the hearing can include the parties' arguments as to whether Plaintiffs have met any requisite burdens in pursuing injunctive relief.

      The Court is also cognizant of Plaintiffs' argument that, given the proximity of the scheduled hearing, some class members might fail to receive notice of a rescheduled hearing and would make an unnecessary trip to the courthouse on January 5, 2012.  This would be unfortunate, but it does not speak to the merits of the scheduling issue.  Unfortunate inconvenience cannot trump one side's inability to prepare for the hearing.

      This Court accepts Defendants' representation that additional time is needed to prepare for a hearing on the motion for a permanent injunction.  The Court is also aware of the practical impact delay can have on the class members.  Balancing both concerns, the Court **GRANTS** the motion to continue the hearing, but **DENIES** that part of the motion presenting Defendants'

7

suggestions for scheduling and for adopting a bifurcated process in which whether a hearing is necessary becomes the first issue followed by a later hearing if necessary. This Court **VACATES** the January 5, 2012 hearing date and **ORDERS** that the motion for a permanent injunction come on for an in-court hearing on February 14, 2012, at 9:00 a.m. The default briefing schedule set forth in S. D. Ohio Civ. R. 7.2(a)(2) applies.

### IV.  Conclusion

For the foregoing reasons, the Court **DECLINES** to accept the December 29, 2011 letter from Philip Miscimarra, **DENIES** the motion to certify an interlocutory appeal (ECF No. 198), and **GRANTS IN PART** and **DENIES IN PART** the motion to continue the January 5, 2012 hearing and to set a briefing schedule (ECF No. 200). The Court **VACATES** the January 5, 2012 hearing date and **ORDERS** that Plaintiffs' motion for a permanent injunction shall come on for an in-court hearing on February 14, 2012, at 9:00 a.m.

**IT IS SO ORDERED.**

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE